IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDA BLYSTONE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ALDI, INC.,<br><br>　　　　　　Defendant. | Case No.　__2:20-cv-929__<br><br>REMOVED FROM THE COURT OF COMMON PLEAS, ALLEGHENY COUNTY, Docket No. GD-20-6211 |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant ALDI Inc.[1] ("ALDI"), by its attorneys and pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, removes the above-titled action, which is pending as Case No. GD-20-6211 in the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania. In support of its Notice of Removal, ALDI states as follows:

**Nature of the Action**

1.　On May 29, 2020, Plaintiff Brenda Blystone ("Plaintiff") filed a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, titled *Brenda Blystone v. Aldi, Inc.*, Case No. GD-20-6211 (the "State Court Action"). Plaintiff's Complaint in the State Court Action asserts the following claims: (1) disability discrimination and retaliation under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq*. ("ADA"); (2) interference with her rights under the Family and Medical Leave Act, 29 U.S.C. 2601, *et seq*. ("FMLA"); (3) disability discrimination and retaliation under the Pennsylvania Human Relations

---

[1] ALDI Inc., identified incorrectly in the Complaint as "ALDI, Inc.," did not employ Plaintiff. A distinct corporate entity, ALDI Inc. (Pennsylvania), employed Plaintiff.

Act, 43 P.S. § 954 ("PHRA"); and (4) intentional infliction of emotional distress under Pennsylvania state law.

2. ALDI was served with the Complaint in the State Court Action on June 2, 2020. Pursuant to 28 U.S.C. § 1446, true and correct copies of the summons and all other pleadings, orders, and other papers or exhibits of every kind in the State Court Action are attached hereto as **Exhibit A**.

3. Venue is proper in this Court because this Court embraces Allegheny County, Pennsylvania, the place where the State Court Action has been pending. 28 U.S.C. § 1441(a).

## Federal Question Jurisdiction

4. This action is removable under 28 U.S.C. § 1441 because it is a civil action over which this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Specifically, in the Complaint in the State Court Action, Plaintiff alleges violations of the FMLA and ADA, both of which are federal laws.

5. Accordingly, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction and, therefore, may be removed to this Court pursuant to 28 U.S.C. § 1441.

## Diversity Jurisdiction

6. This action is also removable under 28 U.S.C. § 1441 because it is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The requirements of 28 U.S.C. § 1332 have been met because, as set forth below, there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

7. Plaintiff is a citizen of the Commonwealth of Pennsylvania. (Compl. ¶ 1.)

8. ALDI is incorporated under the laws of the State of Illinois. At the time the State Court Action was filed and at the time of the instant removal, ALDI's corporate headquarters was and is located in Batavia, Illinois. Therefore, ALDI is a citizen of the State of Illinois.

9. ALDI believes in good faith that the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332. Specifically, in her relief requested, Plaintiff seeks, among others: (1) compensatory damages, (2) punitive damages, (3) back pay, (4) reinstatement enhancements, and (5) attorneys' fees. (*See* Compl. Counts One through Five, Wherefore Clauses). These items collectively would exceed $75,000 if Plaintiff were to prevail at trial.

10. Because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441.

### Supplemental Jurisdiction Over State Law Claims

11. Pursuant to 28 U.S.C. § 1367(a), this Court may exercise supplemental jurisdiction over Plaintiff's state law claims because the same factual allegations supporting Plaintiff's ADA and FMLA claims also support her claims under Pennsylvania state law.

### Timeliness of Removal

12. Because ALDI has filed this Notice of Removal within 30 days of service in the State Court Action, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446.

### Notice of Removal Provided To State Court

13. Prompt written notice of this Notice of Removal is being served upon Plaintiff and the original is being filed in the State Court Action with the Clerk of the Court of Common

Pleas of Allegheny County, Pennsylvania, as required by 28 U.S.C. § 1446.  A copy of the Notice of Filing of Notice of Removal is attached as **Exhibit B**.

WHEREFORE, Defendant ALDI Inc. hereby removes this matter to the U.S. District Court for the Western District of Pennsylvania for all further proceedings.

Date:  June 22, 2020                                     Respectfully submitted,


<u>s/ Erica L. Yohe</u>_____
Erica L. Yohe (PA No. 89934)
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606-6448
Telephone: (312) 460-5148
Facsimile:  (312) 460-7536
E-mail: eyohe@seyfarth.com
*Attorney for Defendant ALDI Inc.*

Anthony Califano (MA No. 661136)
SEYFARTH SHAW LLP
Seaport East, Ste. 300
Two Seaport Lane
Boston, MA 02210-2028
Telephone: (617) 946-4925
Facsimile:  (617) 790-5372
E-mail: acalifano@seyfarth.com
*Pro Hac Vice Forthcoming*
*Attorney for Defendant ALDI Inc.*

Stephen Beiting (OH No. 0088343)
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606-6448
Telephone: (312) 460-5145
Facsimile:  (312) 460-7593
E-mail: sbeiting@seyfarth.com
*Pro Hac Vice Forthcoming*
*Attorney for Defendant ALDI Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 22, 2020, a copy of the foregoing document was electronically filed via the Court's CM/ECF system and served upon counsel for Plaintiff at the following address of record via FedEx overnight mail:

David M. Kobylinski, Esquire
Peter T. Kobylinski, Esquire
Kobylinski & Kobylinski LLC
515 Court Place, Ste. 4
Pittsburgh, PA 15219

                                                      *s/ Erica L. Yohe*
                                                      Erica L. Yohe
                                                      *Attorney for Defendant*