# EXHIBIT A

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **Brenda Blystone**<br>120 Run Around Road<br>Kittanning, PA 16201<br><br>    Plaintiff,<br><br>        v.<br><br>**ALDI, Inc.,** an IL Corporation,<br>1200 N. Kirk Road<br>Batavia, IL 60510<br><br>    Defendant. | CIVIL DIVISION<br><br>CASE NO.: GD-20-6211<br><br><br>Code 009 – Trespass - Other<br><br><br>**COMPLAINT IN CIVIL ACTION**<br><br>**JURY TRIAL DEMANDED AS TO ALL COUNTS**<br><br><br>Filed on behalf of:<br><br>Plaintiff<br><br>COUNSEL OF RECORD FOR THIS PARTY:<br><br>David M. Kobylinski, Esquire<br>Pa. ID No.: 92233<br><br>Peter T. Kobylinski, Esquire<br>Pa. ID No.: 309832<br><br>PRAETORIAN LAW GROUP, LLC<br>515 Court Place, Ste 4<br>Pittsburgh, PA 15219<br>(412) 281-6600 |

FILED
2020 MAY 29  PM 3:48

OPS$KRISTOPHER1
29 May 2020
15:51:10
GD-20-006211

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **Brenda Blystone** ) | CIVIL DIVISION |
| ) | |
| Plaintiff, ) | CASE NO.: |
| ) | |
| v. ) | |
| ) | |
| **ALDI, Inc.** ) | |
| ) | |
| Defendant. ) | **JURY TRIAL DEMANDED** |
| ) | |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following

pages, you must take action within twenty (20) days after this Complaint and Notice are served,

by entering a written appearance personally or by attorney and filing in writing with the Court

your defenses or objections to the claims set forth against you. You are warned that if you fail to

do so the case may proceed without you and a judgment may be entered against you by the Court

without further notice for any money claimed in the Complaint or for any other claim or relief

requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO A LAWYER AT ONCE. IF YOU DO NOT HAVE A

LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET

FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyer Referral Service
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
(412) 261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **Brenda Blystone** ) | |
| ) | CIVIL DIVISION |
| Plaintiff, ) | |
| ) | CASE NO.: |
| v. ) | |
| ) | |
| **ALDI, Inc.** ) | |
| ) | |
| Defendant. ) | **JURY TRIAL DEMANDED** |
| ) | |

## COMPLAINT

AND NOW come plaintiff Brenda Blystone, through counsel, who aver as follows:

### THE PARTIES

1.      Plaintiff Brenda Blystone is an adult individual and resides at 120 Run Around Road, Kittanning, PA 16201.

2.      Defendant ALDI, Inc. (hereinafter "ALDI") is incorporated under the laws of Illinois and conducts its general business operations at 1200 North Kirk Road, Batavia, IL 60510.

3.      Pursuant to Pa. R.C.P. 1006 & 2179, venue is appropriate in Allegheny County because Defendant conducts business herein on a regular and continuing basis.

### ADMINISTRATIVE PREREQUISITES

4.      Plaintiff timely filed a Complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging unlawful discrimination on account of her disability. Plaintiff dual filed her Complaint of discrimination with the Pennsylvania Human Relations Commission (hereinafter "PHRC").

5.      Plaintiff has received a Right to Sue letter from the EEOC and this complaint is filed within the 90 day deadline set forth by that letter.

## STATEMENT OF THE FACTS

6.      Plaintiff was hired by ALDI on or around March 8, 2017 as an associate.

7.      Plaintiff worked for ALDI at their store located at 2910 Oakland Avenue, Indiana, PA 15701.

8.      During her employment with ALDI, Plaintiff was diagnosed and suffered from fibromyalgia and other conditions.

9.      At all times relevant to this matter, Plaintiff continued to suffer from this condition that caused her to experience severe episodes of widespread muscular pain, fatigue with memory and mood issues.

10.     Plaintiff's serious medical conditions effected her ability to perform major life activities and perform aspects of her employment without reasonable accommodations.

11.     In May 2019, Plaintiff informed her direct manager of her medical condition and that she would require a reasonable accommodation.

12.     Upon this initially reporting, Plaintiff provided her manager with medical documentation and restrictions that detailed the requested accommodation.

13.     Of note, Plaintiff's doctor recommended that Plaintiff not be scheduled during the 2:00pm to 10:00pm shift as her conditions were elevated during that time period. Furthermore, Plaintiff would need additional breaks during her shift to avoid aggravating her condition.

14.     Plaintiff's manager informed her that he could not meet that accommodation as she was a full-time employee.

15.     Plaintiff's manager further informed Plaintiff that if she did not want to work the 2:00pm to 10:00pm shift that she would either have to reduce her hours and become a "casual employee" or resign.

16.     Plaintiff made additional efforts to obtain this reasonable accommodation by contacting the district manager.

17.     ALDI's district manager reiterated the same statement that Plaintiff either had to become a "casual employee" or quit.

18.     In fact prior to her termination, her managers would routinely start the 2:00pm to 10:00pm shift by asking Plaintiff if she was ready to resign yet.

19.     Plaintiff was aware that other employees were not required to work the 2:00pm to 10:00pm shift and as such adjusting her schedule was feasible.

20.     ALDI responded to Plaintiff's requested accommodation by scheduling her exclusively on the 2:00pm to 10:00pm shift, this began within a week or two of her request.

21.     In addition to refusing to adjust her schedule, ALDI further refused to provide her with additional breaks that she needed due to her medical conditions.

22.     When Plaintiff became symptomatic and was suffering from severe pain, her manager would tell her to just "push through it."

23.     On other occasions, her manager would just reiterate her two choices to either resign or go part-time.

24.     In spite of her severe symptoms and known disability, ALDI never informed Plaintiff that she might be eligible for FMLA leave.

25.     Had Plaintiff known of her right to seek such leave, Plaintiff would have applied for the same on a full and/or intermittent basis as her conditions necessiated.

26.     As a result of her aggravated conditions and being in severe pain, Plaintiff's productive decreased for which ALDI promptly began warning her that she would be terminated if it did not increase.

27.     On June 26, 2019, Plaintiff was constructively discharged from her employment as a result of the denial of her reasonable accommodations, the severe aggravation of her medical conditions and constant threats of being fired and/or intimidated for being sick.

28.     Plaintiff believes and therefore avers that she was terminated as a result of requesting a reasonable accommodation and because she suffered from a known disability.

29.     Plaintiff believes and therefore avers that Defendants' proffered reasons for her termination are pretextual and the actual motivation was based upon her disability and request for a reasonable accommodation.

30.     If Plaintiff had been provided her requested reasonable accommodation, Plaintiff would have be able to perform her job duties to the full extent required and expected by Defendant.

## INJURIES AND DAMAGES

31.     As a direct and proximate result of Defendant's discriminatory practices and termination, Plaintiff suffered from the following injuries and damages:

   a.  Plaintiff lost income, employment benefits and her financial security;

   b.  Plaintiff suffered damage to her reputation;

   c.  Plaintiff suffered further aggravation to her existing medical conditions due to the loss of her health insurance and inability to purchase necessary medicine;

   d.  Plaintiff suffered severe heart conditions, aggravation to her PTSD and anxiety;

e.  Plaintiff developed, suffered and continues to suffer from embarrassment, shame and emotional distress;

f.  Plaintiff suffered and continues to suffer from a diminution in enjoyment of her life;

g.  Plaintiff's ability to earn wages has been diminished and continues to be diminished; and

h.  Attorneys' fees and costs.

**COUNT ONE**

**RETALIATION UNDER THE ADA**

32.  The prior paragraphs of this Complaint are incorporated herein by reference.

33.  Plaintiff suffered from a recognized disability that affected her ability to perform her employment duties without reasonable accommodation.

34.  Defendants retaliated against Plaintiff, because she exercised her right to equal treatment under the law by reporting her serious disability to Defendants and requesting reasonable accommodations for the same.  Such retaliatory conduct is a violation of said anti retaliatory provisions of ADA.

35.  Said retaliation included affecting Plaintiff's ability to perform her assigned tasks by, unwarranted harassment, disability discrimination, and discharge.

36.  Plaintiff suffered intentional discrimination and retaliation because of her disability and effort to protect her rights under the Americans with Disabilities Act.

37.  As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

38.    Because the retaliatory treatment of Plaintiff by Defendants was willful or in reckless disregard of Plaintiff's civil rights the Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against that of Defendants and an award of damages in excess or $35,000 exclusive of interests and costs and other damages as listed:

    a.    The entry of declaratory judgment finding that the acts complained of herein are unlawful and violate Americans with Disabilities Act.

    b.    The entry of a permanent injunction prohibiting Defendants from retaliating against employees on the basis of disability.

    c.    The immediate assignment of Plaintiff to such position as she would now be occupying but for the discriminatory acts of Defendants as well as the foreclosure of promotional opportunities.

    d.    The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendants as well as the foreclosure of promotional opportunities.

    e.    The award of any pre-judgment interest on any back pay.

    f.    The award of compensatory damages.

    g.    The award of punitive damages.

    h.    The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

    i.    The award of such other relief as may be just and proper.

## COUNT TWO

## DISABILITY DISCRIMINATION UNDER ADA

39.    The prior paragraphs of this Complaint are incorporated herein by reference.

40.    Plaintiff was a "qualified individual with a disability" as that term is defined in the ADA (42 U.S.C §12111 *et seq.*).

41.    With reasonable accommodation Plaintiff could perform the essential functions of the position of associate.

42.    Defendants by their conduct, have engaged in unlawful employment practices in violation of the Americans with Disabilities Act 42 U.S.C. §§12111 *et seq.*

43.     These practices include refusing to provide Plaintiff with reasonable accommodation, harassment, and discharging Plaintiff from her employment.

44.     It is believed and therefore averred that these unlawful practices were intentional on the part of Defendants.

45.     It is believed and therefore averred that Defendants intentionally discriminated against Plaintiff because of her seeking protection under the Americans with Disabilities Act and requesting reasonable accommodation.

46.     These unlawful practices were committed by the Defendants to deprive Plaintiff of her rights under the United States Constitution and the laws of the United States and the Commonwealth of Pennsylvania.

47.     These practices have caused Plaintiff to suffer damages and have deprived Plaintiff of equal employment opportunities and have otherwise adversely affected Plaintiff because of her disability.

48.     As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

49.     Because the discriminatory treatment of Plaintiff by Defendants was willful or in reckless disregard of Plaintiff's civil rights Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against that of Defendants and an award of damages in excess or $35,000 exclusive of interests and costs and other damages as listed:

a.     The entry of a declaratory judgment finding that acts complained of herein are unlawful and violate The Americans with Disabilities Act as amended.

b.     The entry of a permanent injunction enjoining Defendants from engaging in each of the unlawful acts, practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be

    in violation of applicable law so that Defendants no longer discriminate on the basis of disability.

c. The immediate assignment of Plaintiff to such position as she would now be occupying but for the discriminatory acts of Defendants as well as the foreclosure of promotional opportunities.

d. The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

e. The award of punitive damages.

f. The award of such other relief as may be just and proper.

## COUNT THREE

## COMPENSATORY DAMAGES UNDER THE FMLA 29 U.S.C. §§ 2601-2654

50. The prior paragraphs of this Complaint are incorporated herein by reference.

52. Defendant qualifies as an "employer" as defined by the FMLA.

53. Plaintiff qualifies as an "eligible employee" as defined by the FMLA.

54. Plaintiff was and/or should have been qualified for an "entitlement to leave" as defined by the FMLA §2612(a)(E).

55. Defendant denied Plaintiff's request for FMLA and her entitled relief as prescribed under the Act.

56. Plaintiff was not provided any information concerning her application for FMLA, retention of her position, and restoration of her position following the procedure.

57. Defendant denied Plaintiff's request for her position to be maintained and restored in violation of the FMLA.

58. Defendant violated the FMLA and Plaintiff seeks relief against them for the same as more fully outlined above and as permitted under §2617(a)

**WHEREFORE,** Plaintiff prays for judgment in her favor and against that of Defendant and an award of damages in excess or $35,000 exclusive of interests and costs.

## COUNT FOUR

## DISCRIMINATION UNDER PHRA

59.     The prior paragraphs of this complaint are incorporated herein by reference.

60.     At all times material to this complaint, Plaintiff was an "employee" of Defendants as that term is defined in the Pennsylvania Human Relations Act ("PHRA") 43 P.S. §954.

61.     At all time material to this complaint Defendants were an "employer" of Plaintiff as that term is defined in the PHRA 43 P.S. §954.  At all time material to this complaint the individual Defendants were the supervisors of Plaintiff.

62.     The acts of Defendants constitute "unlawful discriminatory practices" under 43 P.S. §955 against Plaintiff because of her disability and unlawful retaliation because of Plaintiff engaged in protected activity.

63.     As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

64.     Because the discriminatory treatment of Plaintiff by Defendants was willful or in reckless disregard of Plaintiff's civil rights Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against that of Defendants and an award of damages in excess or $35,000 exclusive of interests and costs and other damages as listed:

      a.     The entry of a declaratory judgment finding that the acts complained of herein are unlawful and violate the PHRA as amended.

      b.     The entry of a permanent injunction enjoining defendants from engaging in each of the unlawful acts, practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law so that the Defendants no longer discriminate on the basis of race or disability.

c.    The entry of a permanent injunction prohibiting Defendants from retaliating against employees attempt to exercise and protect their rights.

d.    The immediate assignment of Plaintiff to such position as she would now be occupying but for the discriminatory acts of Defendants as well as the foreclosure of promotional opportunities.

e.    The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendants as well as the foreclosure of promotional opportunities.

f.    The award of any pre-judgment interest on any back pay.

g.    The award of compensatory damages.

h.    The award of punitive damages.

i.    The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

j.    The award of such other relief as may be just and proper.

## COUNT FIVE

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

65.    The prior paragraphs of this complaint are incorporated herein by reference.

66.    The above described conduct on the part of Defendant was extreme and outrageous.

67.    As a result of Defendant's conduct, Plaintiff experienced and continues to experience substantial and profound suffering.

68.    Defendant's refusal to provide a break to an employee in severe pain and suffering was intentional and outrageous conduct done with malice toward Plaintiff.

69.    As set forth above, much of Defendant's conduct was done intentionally and/or recklessly and done with malice toward Plaintiff.

70.    Because the treatment of Plaintiff by Defendants was willful or in reckless disregard of Plaintiff's rights Plaintiff is entitled to punitive damages

71.    Wherefore, Plaintiff respectfully prays for:

a.    entry of judgment in her favor and against Defendant;

    b.   economic, physical and emotional damages in an amount to be determined by the jury.

    c.   an award of her legal damages, including exemplary damages, in an amount ot be determined by the jury; and

    d.   an award of interest and costs.

## JURY TRIAL IS DEMANDED AS TO ALL COUNTS

Respectfully submitted,

**PRAETORIAN LAW GROUP, LLC**

Peter T. Kobylinski, Esquire
PA ID No.: 309832
515 Court Place, Ste 4
Pittsburgh, PA 15219

Dated: May 28, 2020        *Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:

Peter T. Kobylinski, Esquire (PA ID # 309832)\

Page **13** of **13**

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

_____Allegheny_____ County

| For Prothonotary Use Only: |
| Docket No: |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

Lead Plaintiff's Name:
Brenda Blystone

Lead Defendant's Name:
ALDI, Inc.

**Are money damages requested?** ☒ Yes  ☐ No

Dollar Amount Requested:
(check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes  ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes  ☒ No

Name of Plaintiff/Appellant's Attorney: David M. Kobylinski

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (does not include mass tort)
- ☐ Slander/Libel/ Defamation
- ☐ Other:
  _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:
  _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:
  _____

**CONTRACT** (do not include Judgments)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
  _____
- ☒ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
  _____
- ☐ Other:
  _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:
  _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
  _____
- ☐ Zoning Board
- ☐ Other:
  _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:
  _____

*Updated 1/1/2011*